Date Filed: 12/8/2020 3:31 PM
BMC - Central
Docket Number:

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    BOSTON MUNICIPAL COURT
                                               CENTRAL DIVISION

|  |  |
|---|---|
| MIRNA FIGUEROA, ) | Docket No.: _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| CACTUS MEXICAN GRILL, LLC ) | |
| and RIGOBERTO VILLANUEVA, ) | |
| ) | TRUE COPY ATTEST |
| Defendants. ) | *Daniel J. Hogan* |
| ) | **CLERK/MAGISTRATE** |

### INTRODUCTION

Mirna Figueroa ("Ms. Figueroa") brings this action seeking unpaid overtime wages owed her for work that she performed for Cactus Mexican Grill, LLC. ("Defendant Cactus") and Rigoberto Villanueva ("Defendant Villanueva"), in his capacity as Owner and Manager of Defendant Cactus (collectively "Defendants"). Ms. Figueroa was employed by the Defendants during the period that began in 2013 through March 2020, working as a cook. Ms. Figueroa worked 50 hours every week for over seven years, and was never once paid time and a half overtime pay. The Defendants never made Ms. Figueroa aware of her right to overtime pay under Federal law, and failed to place notices in the workplace detailing workers' legal rights. Furthermore, Ms. Figueroa was injured on the job in 2018 and had to take three weeks off of work to recover, but was never paid sick leave as she should have been under Massachusetts law.

This action is brought against Defendants for failure to pay Ms. Figueroa overtime wages in violation of 29 U.S.C. § 207(a), and for nonpayment of wages in violation of G.L. c. 149 § 148,

and G.L. c. 149 § 148C. As an alternative or additional remedy, Ms. Figueroa is entitled to damages for breach of contract and equitable remedies under the principles of *quantum meruit* or unjust enrichment.

## JURISDICTION AND VENUE

1) Ms. Figueroa claims damages in an amount of $28,394.95, without doubling or tripling. Jurisdiction in the Boston Municipal Court is proper pursuant to G.L. c. 218 § 19.

2) Defendant Cactus Mexican Grill's principal place of business is 44 Maverick Street, East Boston, Massachusetts, 02128. Venue in this Court is proper pursuant to G.L. c. 218, § 54.

3) Ms. Figueroa filed an administrative complaint against Defendants with the Massachusetts Attorney General on DATEXX and expects to receive a Private Right of Action letter shortly (attached as Exhibit A). She is entitled to pursue a private action against the Defendants.

## PARTIES

4) Plaintiff Mirna Figueroa is an adult resident of the Commonwealth who resides at 28 Thorton Street, Apartment 6, Revere, MA 02151. She is a former employee of the Defendants.

5) Defendant Cactus Mexican Grill, LLC, is an entity that does business in Massachusetts as a restaurant. It is registered with the Secretary of the Commonwealth, Corporations Division, and its principal place of business is 44 Maverick Street, East Boston, Massachusetts, 02128.

6) Defendant Rigoberto Villanueva is an adult resident of the Commonwealth who is the Owner and Manager of Cactus Mexican Grill, LLC. Upon information and belief, Defendant Villanueva resides at 44 Maverick Street, East Boston, Massachusetts, 02128.

## STATEMENT OF FACTS

7) Ms. Figueroa worked for employer Cactus Mexican Grill, LLC, under the supervision of Defendant Villanueva, from approximately 2013 to March 18, 2020, when she was fired amid the COVID-19 pandemic.

8) As an employee of Cactus Mexican Grill, Ms. Figueroa prepared food. Upon information and belief, Ms. Figueroa handled food and materials that moved through interstate commerce.

9) Upon information and belief, Ms. Figueroa was one of at least 11 or more employees of Cactus Mexican Grill at all times relevant to this complaint.

10) For the duration of her employment, Ms. Figueroa worked 51.7 hours per week on a normal week. One week per month, she worked 62 hours per week.

11) Defendant paid Ms. Figueroa via regular payroll for 29 hours each week, and paid her in cash for the remaining hours.

12) When she started work in 2013, Ms. Figueroa earned a base rate of $9/hour.

13) From 2014 to 2016, Ms. Figueroa earned a base rate of $10/hour.

14) From 2017 to June 2018, Ms. Figueroa earned a base rate of $12/hour.

15) In June 2018, Ms. Figueroa injured her hand at work and had to miss three weeks of work. She was never paid for this leave.

16) When Ms. Figueroa returned to work in 2018, her pay was raised to $14/hour and remained at that rate until November 2019.

17) From November 2019 to March 2020, when she was fired, Ms. Figueroa earned a base rate of $17/hour.

18) Defendants never paid Ms. Figueroa a time-and-a-half overtime premium, despite Ms. Figueroa working over 40 hours, entitling her to the premium, each and every week that she

worked for Defendants.

19) Ms. Figueroa was not aware that she had a right to overtime pay.

20) Defendants never informed Ms. Figueroa that she was entitled to overtime pay.

21) Defendants never posted a labor law poster explaining employees' rights on the job in the workplace.

## COUNT ONE: FAILURE TO PAY OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

22) Ms. Figueroa repeats and incorporates herein all allegations contained in paragraphs 1-21.

23) Defendants violated 29 U.S.C. § 207(a) by failing to pay Ms. Figueroa overtime compensation at one-and-a-half times her regular hourly rate for her hours worked in excess of 40 hours per week.

24) Defendants are liable for Ms. Figueroa's loss of wages under 29 U.S.C. § 216.

25) Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional violations of the Fair Labor Standards Act (29 U.S.C. § 207), and were not made in good faith.

26) Ms. Figueroa has been damaged by these violations of 29 U.S.C. § 207(a).

27) Pursuant to the doctrine of equitable tolling, Defendants are liable beyond the typical three-year statute of limitations for willful violations of the Fair Labor Standards Act.

28) Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Ms. Figueroa for the full amount of her unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount with liquidated damages, costs of litigation, and reasonable attorney's fees incurred by Ms. Figueroa in bringing this action.

## COUNT TWO: VIOLATION OF MASSACHUSETS TIMELY PAYMENT OF

## WAGES ACT

29) Ms. Figueroa repeats and incorporates herein all allegations contained in paragraphs 1-21.

30) Pursuant to G.L. c. 149, § 148, an employer must pay wages within six days of the period during which the wages are earned, and an employee who quits his or her employment must be paid all wages owed in full on the next regular pay day.

31) Throughout the course of Ms. Figueroa's employment, Defendants have failed to pay Ms. Figueroa all her owed wages in a timely manner, including but not limited to overtime wages required pursuant to 29 U.S.C. § 207(a).

32) Defendants' violations of G.L. c. 149, § 148 were repeated and in reckless indifference to Ms. Figueroa's rights.

33) Ms. Figueroa has been damaged by these violations of G.L. c. 149, § 148.

34) Pursuant to the doctrine of equitable tolling, Defendants are liable beyond the typical three-year statute of limitations for violations of the Massachusetts Wage Act (G.L. c. 149, § 148).

35) Pursuant to G.L. c. 149, § 150, Defendants are liable to Ms. Figueroa for three times the full amount of her unpaid wages, in an amount to be determined at trial, plus costs and attorneys' fees.

## COUNT THREE: QUANTUM MERUIT / UNJUST ENRICHMENT

36) Ms. Figueroa repeats and incorporates herein all allegations contained in paragraphs 1-21.

37) As an alternative or additional remedy, Ms. Figueroa is entitled to equitable remedies under the principles of *quantum meruit* or unjust enrichment because:

   a) A measureable benefit was conferred upon the Defendants as a result of Ms. Figueroa's overtime; and

   b) Ms. Figueroa's reasonably expected compensation from the Defendants for that overtime;

and

c) The Defendants accepted that benefit with knowledge, actual or chargeable of Ms. Figueroa's reasonable expectations.

## COUNT FOUR: FAILURE TO PAY SICK TIME UNDER MASSACHUSETTS WAGE ACT

38) Ms. Figueroa repeats and incorporates herein all allegations contained in paragraphs 1-21.

39) Pursuant to G.L. c. 149, § 148C, all employees who work for an employer with 11 or more employees are entitled to up to 40 hours per year of paid sick time.

40) Defendants violated G.L. c. 149, § 148C, by not paying Ms. Figueroa for up to 40 hours of earned paid sick time in June 2018, when she missed three weeks of work due to a hand injury.

41) Ms. Figueroa has been damaged by these violations of G.L. c. 149, § 148C.

42) Pursuant to G.L. c. 149, § 150, Defendants are liable to Ms. Figueroa for three times the full amount of her unpaid wages, in an amount to be determined at trial, plus costs and attorneys' fees.

## JURY DEMAND

43) Ms. Figueroa requests a trial by jury on her claims.

## REQUEST FOR RELIEF

44) As to Count One, award Ms. Figueroa $55,829.90 ($27,914.95 doubled) for Defendants' failure to pay one and a half times at least the minimum wage pursuant to 29 U.S.C. § 207(a) as well as the costs of this action along with reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

45) As to Count Two, award Ms. Figueroa $83,744.85 ($27,914.95 trebled) for Defendants' failure to timely pay wages pursuant to G.L. c. 149, § 148, as well as the costs of this action along with reasonable attorneys' fees pursuant to G.L. c. 149 § 150.

46) As to Count Three, award Ms. Figueroa $27,914.95 for Defendants' unjust enrichment from Ms. Figueroa's unpaid overtime work.

47) As to Count Four, award Ms. Figueroa $1,440.00 ($480.00 trebled) for Defendants' failure to pay earned sick time pursuant to G.L. c. 149, § 148C, as well as the costs of this action along with reasonable attorneys' fees pursuant to G.L. c. 149 § 150.

48) Grant such other relief as this Court may deem just and proper.


Respectfully submitted,
Mirna Figueroa
by her attorneys,


/s/ *Jonathan Levitan*
Jonathan Levitan
SJC Rule 3:03 Counsel


/s/ *Patricio S. Rossi*
Patricio S. Rossi
BBO #658885
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138
(617) 495-4408 (phone)
(617) 496-2687 (fax)


Dated:12/8/2020