UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRNA FIGUEROA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-10445-FDS |
| CACTUS MEXICAN GRILL LLC and ) | |
| RIGOBERTO VILLANUEVA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, C.J.**

This is a case about an employee's claim for unpaid overtime wages. Section 207 of the Fair Labor Standards Act requires employers to compensate all non-overtime exempt employees at not less than one and one-half times their regular wage for each hour worked in excess of 40 hours per work-week. Plaintiff Mirna Figueroa has sued her former employer, Cactus Mexican Grill LLC, and its owner, Rigoberto Villanueva, for violations of the FLSA and related Massachusetts laws. Defendants have moved to dismiss Counts 1, 2, 5, and 6 of the second amended complaint.[1] For the following reasons, that motion will be granted in part and denied in part.

---

[1] The first paragraph of defendants' motion states that they are seeking dismissal of the first amended complaint. The motion otherwise refers to the second amended complaint, which the Court granted leave to file on April 5, 2021. Therefore, the Court assumes that defendants are seeking dismissal of Counts 1, 2, 5, and 6 of the second amended complaint.

I.      **Background**

    A.      **Factual Background**

The following facts are set forth as alleged in the second amended complaint.

Cactus Mexican Grill LLC operates a restaurant in East Boston, Massachusetts. Rigoberto Villanueva is the owner and manager of the LLC.

Mirna Figueroa worked for Cactus Mexican Grill as a food preparer from approximately 2013 to March 18, 2020, when she contends she was fired due to the COVID-19 pandemic. (Compl. ¶ 7).

During her employment, Figueroa worked 51.7 hours in a normal week. (*Id.* ¶ 11). One week per month, she worked 62 hours per week. (*Id.*). Cactus Mexican Grill paid her by regular payroll for 29 hours each week and by cash for the remaining hours. (*Id.* ¶ 12). Even though she worked more than 40 hours each week, the restaurant never paid her an overtime premium. (*Id.* ¶ 19). She contends that she was not aware of her right to overtime pay, and that defendants never informed her nor posted the required labor-law posters in the workplace. (*Id.* ¶¶ 20-22).

In June 2018, Figueroa injured her hand at work and subsequently missed three weeks of work. (*Id.* ¶ 16). She contends that she was never paid for that leave. (*Id.*).

Shortly thereafter, the U.S. Department of Labor began investigating Cactus Mexican Grill based on complaints from another employee. (*Id.* ¶ 23). Figueroa alleges that defendants instructed her not to participate in the investigation and threatened that she would lose her job if she spoke to the DOL investigator. (*Id.* ¶ 24).

On March 29, 2019, Cactus Mexican Grill entered into a settlement agreement with the DOL that included a payment to Figueroa of $2,717.88. (*Id.* ¶ 25). According to the complaint, Villanueva later told Figueroa that she was the only employee who had not cashed her check from the DOL settlement. (*Id.* ¶ 27). After Figueroa explained that she did not want to accept

the settlement, Villanueva told her that "$2,717.88 was the amount that she deserved and pressured her to cash the settlement payment." (*Id.*).

### B. Procedural Background

This case was originally filed in Massachusetts state court. On March 16, 2021, defendants removed the matter to this court.

The second amended complaint asserts six claims against both Cactus Mexican Grill and Villanueva. Count 1 asserts a claim for violation of the FLSA for failure to pay overtime wages. (Compl. ¶¶ 28-34). Count 2 asserts a claim for untimely payment of wages in violation of Mass. Gen. Laws ch. 149, § 148. (*Id.* ¶¶ 35-41). Count 3 asserts a claim for quantum meruit and unjust enrichment. (*Id.* ¶¶ 42-43). Count 4 asserts a claim for failure to pay sick time in violation of Mass. Gen. Laws ch. 149, § 148C. (*Id.* ¶¶ 44-48). Counts 5 and 6 assert claims of retaliation in violation of the FLSA and Mass. Gen. Laws ch. 149, § 148A, respectively. (*Id.* ¶¶ 49-53; 54-58).

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

## II. Standard of Review

To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally*

*Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.    Analysis

#### A.    Count 1

Count 1 asserts a claim for violation of the FLSA for failure to pay overtime wages.  The FLSA requires an employer to compensate its employees "not less than one and one-half times the regular rate at which [the employee] is employed" for each hour worked in excess of forty hours per work-week unless those employees are exempt.  29 U.S.C. §§ 207(a)(1), 213(a)(1).  Employees who serve in a *bona fide* executive, administrative, or professional capacity are exempt from the overtime requirement.  *Id.* § 213(a)(1).  Section 216(b) creates a private right of action for employees to recover any unpaid overtime for violations of § 207.

##### 1.    Equitable Tolling

Defendants first seek dismissal of Count 1 on the ground that the complaint fails to plead sufficient facts to support equitable tolling of the statute of limitations period.  "Under the [FLSA], an action for unpaid compensation must commence within two years after a cause of action accrues and three years if the cause of action arises out of a willful violation."  *Trezvant v. Fid. Emp. Servs. Corp.*, 434 F. Supp. 2d 40, 51 (D. Mass. 2006) (citing 29 U.S.C. § 255); *see also McLaughlin v. Boston Harbor Cruises, Inc.*, 2006 WL 1998629, at *1 (D. Mass. July 17, 2006) (noting that § 255 "bars an action arising out of a claimed [ ] violation of the statute unless it is 'commenced'" within the applicable statute of limitations).  A cause of action accrues when

the allegedly illegal employment practice occurs, and no later than the termination of such practice or the termination of the plaintiff's employment. *See, e.g., Unexcelled Chem. Corp. v. United States*, 345 U.S. 59, 65 (1953) (stating that, for purpose of statute of limitations under 29 U.S.C. § 255, cause of action accrues when plaintiffs were employed); *McLaughlin*, 2006 WL 1998629, at *2 (stating that "[i]t is not disputed that [plaintiff's] employment with the defendant[s] terminated in December 2002, and her cause of action accrued as of that time at the latest"); *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (providing that "[u]nder the FLSA . . . [a] cause of action is deemed to accrue . . . at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed") (internal citations and quotations omitted). In an individual suit, an action is "commenced" for purposes of the statute of limitations when the complaint is filed. 29 U.S.C. § 256.

The complaint was originally filed on December 8, 2020. The allegations underlying Count 1 stem from plaintiff's employment from approximately 2013 to March 2020. (Compl. ¶ 7). Count 1 seeks $51,229.90 in damages for failure to pay overtime wages, alleging that "[p]ursuant to the doctrine of equitable tolling, Defendants are liable beyond the typical three-year statute of limitations for willful violations of the Fair Labor Standards Act." (*Id.* ¶¶ 33; 60). It is therefore clear that at least a portion of plaintiff's overtime claim will be time-barred unless the doctrine of equitable tolling applies.

"Statutory filing deadlines are presumptively subject to equitable tolling" except in cases where the deadline defines the court's jurisdiction or Congress intended to preclude equitable tolling. *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004). In employment cases, equitable tolling may be available when an employer engages in "affirmative misconduct" or

violates a legal duty to post information about employee rights in the workplace. *Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 46-48 (1st Cir. 2005); *see also Blake v. CMB Const.*, 1993 WL 840278, at *6 (D.N.H. Mar. 30, 1993) (noting that "[equitable tolling] doctrine has been applied to 29 U.S.C. § 255(a) in the context of an employer's failure to notify its employees of their rights under the FLSA and an employer's misstatement of employees' entitlement to overtime pay"); *Perez v. Shucks Me. Lobster LLC*, 2016 WL 6304674, at *11 (D. Me. Oct. 27, 2016) (stating that court "joins the majority of jurisdictions in holding that the failure to post the required FLSA notices is an 'extraordinary circumstance' that permits the Court to equitably toll the statute of limitations").[2]

Allegations concerning a failure to post the required notices are sufficient if plaintiffs "have asserted that no informational notices were posted and that they had no knowledge of their legal rights until informed by their attorney." *Mercado*, 410 F.3d at 48; *see also Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 753 (1st Cir. 1998) (stating that "[i]f . . . the employee has no knowledge of his rights and his ignorance is due to misleading conduct by the defendant or failure of the defendant to post the required EEOC notices, then an initial case for equitable tolling has been made").[3]

---

[2] The plaintiffs in *Mercado* sought equitable tolling after they failed to timely file a charge with the Equal Employment Opportunity Commission under Title VII. *Mercado*, 410 F.3d at 43. The First Circuit "regard[s] Title VII, ADEA, ERISA, and FLSA as standing *in pari passu* and endorse[s] the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another." *Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997).

[3] The defendants cite to *Cano v. U.S. Postal Service* for the proposition that "[t]he presence or absence of posted notice does not, standing alone, determine whether the limitations period should be tolled." 755 F.2d 221, 222-23 (1st Cir. 1985). In *Cano*, the First Circuit affirmed the trial court's summary-judgment decision, reasoning that plaintiff had consulted with an attorney just prior to the beginning of the limitations period and should be charged with constructive notice. *Id.* at 222. *Mercado* cited to *Cano* as an example where the First Circuit "treated the employer's violation of the posting duty as a possible alternative path to equitable tolling." *Mercado*, 410 F.3d at 47. *Cano* also emphasized plaintiff's communications with her attorney, which is also taken into account by *Mercado*. *Id.* at 48.

Defendants also cite to *Pike v. New Generation Donuts, LLC*, a decision by this Court that denied equitable tolling

Here, the posting requirement is prescribed by FLSA regulations, which require covered employers to "post and keep posted a notice explaining the Act, . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4 (2020). The complaint alleges that defendants never posted such a notice in the workplace. (Compl. ¶ 22). It further alleges that plaintiff was not aware that she had a right to overtime pay and that defendants never informed her of that right. (*Id*. ¶¶ 20-21). Finally, the complaint provides that defendants threatened to fire her if she participated in the DOL investigation, and told her that the DOL settlement check was all "that she deserved." (*Id.* ¶¶ 24; 27).

Taken as a whole, the facts alleged in the complaint in support of equitable tolling are sufficient to overcome a motion to dismiss.

### 2. **Willful Conduct**

Defendants next contend that the complaint fails to plead sufficiently specific facts to justify the application of a three-year limitations period. As noted, actions under the FLSA are subject to a two-year limitations period, unless violations are shown to be willful, in which case a three-year limitations period applies. *See* 29 U.S.C. § 255(a). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Courts have typically examined a number of factors to determine whether an employer's behavior evinces intentional violations of FLSA or reckless disregard of such violations. For

---

as part of a memorandum and order on conditional class certification. 2016 WL 707361, at *5-6 (D. Mass. Feb. 20, 2016). Although it is true that courts "should employ equitable tolling sparingly," the issue in *Pike* was whether a stay was an extraordinary circumstance that warranted equitable tolling. *Id.* at *6. *Pike* did not consider the issue before the Court today, which is the sufficiency of allegations concerning a lack of knowledge and a failure to post notices.

example, an employer's "failure to keep adequate payroll records," "intentional manipulation of [its] records," and the practice of paying employees "off the books" could be "sufficient grounds for concluding that [the employer] did not act in good faith or with a reasonable belief that it was in compliance with the FLSA." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 35 (1st Cir. 2007) (concluding that district court's finding of willfulness was not clearly erroneous); *see also Gonpo v. Sona's Stonewalls & Art LLC*, 2018 WL 1725695, at *9 (D. Mass. Apr. 9, 2018) (finding allegations concerning willfulness sufficient to survive a motion to dismiss because they allege that defendants "failed to keep full and accurate records of hours worked, underreported his hours on pay slips, sometimes paid wages in cash, and consistently failed to pay overtime wages"); *Lagasse v. Flextronics Am., LLC*, 2012 WL 2357442, at *2 (D.R.I. June 1, 2012) (same where plaintiff alleged defendants failed to keep accurate records of hours worked and manipulated time-keeping software records).[4]

Here, the complaint alleges that defendants' violations of the FLSA were "repeated, willful, and intentional." (Compl. ¶ 31). It further alleges that defendants failed to pay overtime wages and paid plaintiff "via regular payroll for 29 hours each week, and paid her in cash for the remaining hours." (*Id.* ¶ 12). And it alleges that defendants threatened to fire her if she participated in the DOL investigation. (*Id.* ¶ 24). Taken as a whole, those allegations of willfulness are sufficient to survive a motion to dismiss. *See Landry v. Time Warner Cable*, *Inc.*, 2017 WL 3444825, at *3 (D.N.H. Aug. 9, 2017) (stating that "[w]hether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss")

---

[4] Another judge in this District recently denied a motion to dismiss a claim of willful misconduct under FLSA on the ground that "willfulness is an element of defendants' affirmative statute of limitations defense, rather than an element of plaintiff's FLSA claim. Therefore, in the circumstances of this case it is not appropriate to dismiss plaintiff's contention that the alleged violation was willful." *Bah v. Enter. Rent-A-Car Co. of Bos., LLC*, 2020 WL 6701324, at *12 (D. Mass. Nov. 13, 2020). The Court does not need to reach that issue here.

(quoting *Goodman v. Port Auth. of N.Y & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012)).  The Court will therefore deny the motion to the extent it seeks dismissal of Count 1.

    **B.**    **Count 2**

Count 2 asserts a claim for untimely payment of wages in violation of Mass. Gen. Laws ch. 149, § 148.  The Massachusetts Wage Act imposes liability on employers who fail to timely pay wages earned by their employees.  Mass. Gen. Laws ch. 149, § 148.  Among other things, the Act requires that an employer pay wages within six days of the period during which wages were earned if the employee is employed for five or six days in a calendar week.  *Id.*  The statutory limitations period is three years.  *Id.* § 150.

However, "Massachusetts courts have recognized that it would be unfair to begin running the statute of limitations before a plaintiff is put on notice [of] a claim."  *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993).  Thus, equitable tolling based on fraudulent concealment can apply when a plaintiff-employee is "affirmatively misled" by a defendant-employer.  *Ellicott v. Am. Cap. Energy, Inc.*, 906 F.3d 164, 170 (1st Cir. 2018).[5]  "[W]here a defendant made representations he knew or should have known would induce the plaintiff to put off bringing suit and the plaintiff did in fact delay in reliance on the representations, the statute of limitations is tolled."  *Id.* (quoting *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 242 (1st Cir. 2005)) (internal quotation marks and citations omitted).  In a case rejecting equitable tolling of Wage Act claims, the Massachusetts Supreme Judicial Court noted that "absent a fiduciary or other special duty . . . active fraud is ordinarily required to prove fraudulent concealment."  *Crocker v. Townsend Oil Co., Inc.*, 464 Mass. 1, 9 (2012) (quoting

---

[5] The Massachusetts fraudulent-concealment statute provides as follows:  "[i]f a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action."  Mass. Gen. Laws ch. 260, § 12.

*Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 375-76 (2008)).[6]

Here, defendants seek dismissal of Count 2 on the ground that the complaint fails to plead facts sufficient to support equitable tolling of the statute of limitations under Massachusetts law. The complaint does not allege any facts evincing that defendants "affirmatively misled" plaintiff or otherwise made misrepresentations that would induce her to postpone bringing suit. Nor does it allege that defendants engaged in active fraud or concealed the allegedly wrongful practices from plaintiff in any way, or that she in fact relied on any misrepresentations made by defendants. While the complaint certainly alleges misconduct by the defendants, not all misconduct amounts to fraudulent concealment.

The complaint's allegations are therefore insufficient to support equitable tolling based on fraudulent concealment under Massachusetts law. The three-year statutory limitations period thus applies, and the Court will grant the motion to the extent it seeks dismissal of that portion of Count 2 seeking recovery beyond the three years preceding the filing of this lawsuit.

### C. Counts 5 and 6

Counts 5 and 6 assert claims of retaliation in violation of the FLSA and Mass. Gen. Laws ch. 149, § 148A, respectively. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has

---

[6] Plaintiff cites to *Hall v. FMR Corp.* for the proposition that "[e]quitable tolling is available to a plaintiff where she is 'excusably ignorant' of the statutory filing requirements or where she is 'affirmatively misled' by defendant." 559 F. Supp. 2d 120, 126 (D. Mass. 2008). *Hall* addressed a motion to dismiss and ultimately rejected equitable tolling of the 300-day limitations period for filing discrimination claims with MCAD. It is doubtful whether being "excusably ignorant" is sufficient to constitute fraudulent concealment under Massachusetts law. Significantly, the Supreme Judicial Court in *Crocker* directly confronted tolling of Wage Act claims and did not consider excusable ignorance as a basis for equitable tolling. *Crocker*, 464 Mass. at 8-9. Nor did the First Circuit in *Ellicott*, which again used the framework of fraudulent concealment to consider tolling under the Wage Act. 906 F.3d at 170-71. In any event, the facts as pleaded here do not amount to fraudulent concealment.

testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3).

The Massachusetts Wage Act also includes an anti-retaliation provision, which provides that "[n]o employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the wages and hours provisions of this chapter." Mass. Gen. Laws ch. 149, § 148A. The Act further provides that "[a]ny employer who discharges or in any other manner discriminates against any employee because such employee has made a complaint . . . or has instituted . . . any proceeding . . . , or has testified or is about to testify in any such proceedings, shall have violated this section." *Id.*

There are three elements to a *prima facie* retaliation claim: "(1) the plaintiff engaged in statutorily protected activity, and (2) his employer thereafter subjected him to an adverse employment action (3) as a reprisal for having engaged in the protected activity." *Blackie v. State of Me.*, 75 F.3d 716, 722-23 (1st Cir. 1996). To satisfy the third element, there must be "a causal connection . . . between the protected conduct and the adverse action." *Id.* at 723 (internal quotation marks and citations omitted). Those elements are the same under both the FLSA and Massachusetts Wage Act, and therefore the Court will consider the issues together. *See Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 531 (1st Cir. 2015); *see also Wang v. Palmisano*, 51 F. Supp. 3d 521, 538 (S.D.N.Y. 2014) (stating that "[a] plaintiff must allege similar facts [to FLSA retaliation claim] to state a claim under Massachusetts state law, [ch. 149, § 148A.]").

Defendants argue that Counts 5 and 6 should be dismissed for three reasons: first, the complaint fails to identify the statutorily protected activity; second, it fails to allege an adverse employment action; and third, it fails to allege facts to support a causal link between the adverse employment action and protected activity.[7] (Def. Mem. at 8).

---

[7] Defendants also assert that plaintiff's "allegations are false on their face" because they would not "even know that the Plaintiff had not cashed her check when the money was removed from Defendants' bank account six

11

For a retaliation claim to survive a motion to dismiss, "[a]lthough a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial . . . she need not plead facts sufficient to establish a *prima facie* case." *Rodriguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 286 (1st Cir. 2014) (quoting *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013)); *see also Wang*, 51 F. Supp. 3d at 538 (stating that "plaintiff is not required to specifically plead every element of a *prima facie* case to survive a motion to dismiss [but must still] . . . plead facts sufficient to render his or her retaliation claim facially plausible under *Twombly* and *Iqbal*") (internal quotation marks and citations omitted).

On similar facts, another judge in this District recently denied a motion to dismiss a FLSA retaliation claim. *Scalia v. F.W. Webb Co.*, 2021 WL 1565508, at *3-5 (D. Mass. Apr. 21, 2021). There, plaintiff alleged that F.W. Webb sent three emails to its salespersons that deterred them from participating in a Department of Labor investigation. *Id.* at *2. The court found the retaliation claim plausible, reasoning that plaintiff's "allegations and the emails' timing, content, and tone plausibly suggest that they might well dissuade a reasonable employee from engaging in protected activity, and therefore constitute materially adverse action." *Id.* at *5. In addition, the court found a plausible inference of causation where the "purported protected activity and the allegedly retaliatory emails were temporally close to one another." *Id.*

Here, the question before the Court is whether the complaint alleges facts that, taken as true and viewed in the light most favorable to plaintiff, plausibly suggest claims of retaliation. In support of the retaliation claims, the complaint alleges that defendants instructed plaintiff not to

---

months earlier to fund the settlement." (Def. Reply at 5-6). However, the Court must assume "all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56.

participate in the DOL investigation and "told her that she would lose her job if she spoke to the investigator." (Compl. ¶¶ 24; 51). The complaint also contends that defendants "pressured her to cash the settlement payment" and told her that the settlement payment "was the amount that she deserved." (*Id.* ¶ 27). Taken as a whole, the complaint plausibly alleges claims of retaliation in Counts 5 and 6 sufficient to overcome a motion to dismiss.

Accordingly, the Court will deny the motion to dismiss to the extent it seeks dismissal of Counts 5 and 6.

## IV.     Conclusion

For the foregoing reasons, defendants' motion to dismiss is DENIED, except that the portion of Count 2 seeking damages outside the three-year statutory limitations period of Mass. Gen. Laws ch. 149, § 150, is dismissed for failure to state a claim upon which relief can be granted.

**So Ordered.**

Dated: December 10, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court